IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES M. HOUSTON, | Case No. 6:15-02247-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| OREGON DEPT. OF JUSTICE, et al., | |
| Defendants. | |

AIKEN, Chief Judge:

Plaintiff moves to proceed in forma pauperis (filed December 1, 2015). Upon examination of plaintiff's affidavit, the court finds that plaintiff is unable to afford the cost of this action. Accordingly, IT IS ORDERED that the provisional in forma pauperis status given plaintiff is confirmed. This action may go forward without the payment of fees. However, plaintiff's petition fails to establish federal jurisdiction and this action is dismissed.

1    - OPINION AND ORDER

Plaintiff filed a "Petition for Declaratory Judgment to Determine Constitutionality of Agency Rule or Statute" and seeks a temporary restraining order enjoining an administrative hearing before the State of Oregon Office of Administrative Hearings in a matter brought by the State of Oregon Teacher Standards and Practices Commission (TSPC). The hearing, requested by plaintiff, is scheduled to commence on December 7, 2015. Despite the fact that plaintiff requested this hearing, he seeks to enjoin it pending "judicial review" of TSPC's authority to "overrule" the findings of the assigned Administrative Law Judge (ALJ). Pet. at 5. Plaintiff's alleges that this authority could violate his rights to procedural due process and equal protection, if the ALJ finds in his favor and the TSPC nevertheless "vetoes" such findings.

Federal law authorizes federal courts to review cases filed in forma pauperis to determine if the complaint is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). If the court finds that the complaint lacks an arguable basis in law or fact or fails to state a claim, the court may dismiss the action. Id.; see also Neitzke v. Williams, 490 U.S. 319, 328 (1989). The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies cannot be cured. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). Upon review of plaintiff's petition, its deficiencies cannot be cured.

2    - OPINION AND ORDER

Plaintiff names three State of Oregon agencies as defendants. However, the relevant statute, 42 U.S.C. § 1983, does not authorize such suits against the State; rather, a plaintiff may file suit against a "person" acting "under color" of state law to vindicate the alleged violation of federal constitutional rights. Although a "person" under § 1983 may include a municipality, it does not encompass a state or its instrumentalities. Moreover, the Eleventh Amendment prohibits plaintiff from suing the State of Oregon or its instrumentalities in federal court, unless the State has given unequivocal consent to be sued or Congress has abrogated that immunity. Raygor v. Regents of Univ. of Minn., 534 U.S. 533, 540-542 (2002); Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-101 (1984). Therefore, plaintiff's claims against State of Oregon agencies cannot proceed.

Further, I find that amendment of plaintiff's complaint would be futile. Plaintiff's due process and equal protection allegations pertain to a pending administrative action brought by TSPC. Thus, plaintiff essentially seeks improper federal court interference with or invalidation of pending State of Oregon proceedings that implicate important state interests. Gilbertson v. Albright, 381 F.3d 965, 971-73, 975 (9th Cir. 2004) (en banc). However, "federal courts should abstain from intervening in pending state judicial proceedings out of deference to the interests of comity and

3   -  OPINION AND ORDER

federalism." <u>Kleenwell Biohazard Waste & General Ecology Consultants, Inc. v. Nelson</u>, 48 F.3d 391, 393 (9th Cir. 1995). Here, I find that plaintiff's requests for an injunction and declaratory relief would interfere directly with pending state administrative proceedings involving plaintiff; therefore, abstention is appropriate. <u>Gilbertson</u>, 381 F.3d at 975.

Regardless, plaintiff's so-called constitutional claims are not ripe for review, thus divesting this court of subject matter jurisdiction. <u>St. Clair v. City of Chico</u>, 880 F.2d 199, 201 (9th Cir. 1999) ("Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution."). Plaintiff does not allege that he has been deprived of a protected liberty or property interest; he alleges only that he may be deprived of such interest in the course of the TSPC proceedings. Specifically, plaintiff asserts that he is "attempting to prevent a miscarriage of justice that *may lead* to the violation" of his constitutional rights, and that the court should "halt the proceedings *before harm is done*." Pet.'s Mem. 2-3 (emphasis added). Thus, plaintiff's allegations rest on a certain outcome of the yet-to-be-held administrative proceedings. However, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" <u>Texas v. United States</u>, 523 U.S. 296, 300 (1998) (quoting <u>Thomas v. Union</u>

4   - OPINION AND ORDER

Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985)). Plaintiff alleges no current injury-in-fact, and no case or controversy exists between the parties that is ripe for review.

As an aside, to the extent plaintiff alleges the deprivation of procedural due process, his filings reflect that plaintiff has been given notice and will have an opportunity to be heard regarding his interests. See Fuentes v. Shevin, 407 U.S. 67, 80 (1972) (procedural due process requires notice and an opportunity to be heard "at a meaningful time and in a meaningful manner").

Generally, a pro se plaintiff is given the opportunity to amend a complaint and cure any deficiencies identified by the court. However, for the reasons explained above, the deficiencies cannot be cured in this case.

## CONCLUSION

Accordingly, for the reasons set forth above, plaintiff's request for temporary restraining order is DENIED and this case DISMISSED.

IT IS SO ORDERED.

Dated this 2ND day of December, 2015.

_____
Ann Aiken
United States District Judge

5    - OPINION AND ORDER